# Illinois Central Railroad Company

*v.*

## Amira Nelson.

1. RAILROADS—*passengers on freight trains.* It is not an unreasonable rule for a railroad company to require, that persons desiring to ride on freight trains, shall procure tickets sold expressly for such trains.

2. A railroad company, when carrying passengers on a freight train, are not required to draw the train up to the passenger platform to enable persons using that means of conveyance to pass to and from the cars, unless it has been the custom of the company so to do. If such was the usage, then they would be required to conform to it in all cases; otherwise, they have the right to receive passengers on their freight trains and discharge them at the usual place adopted for that mode of travel.

3. Where a person took passage on a freight train, without first procuring the kind of ticket required by the rules of the company to entitle him to ride on that character of train, it was *held*, the conductor had the

right to require him to leave it at the usual place of getting on and off such trains, at a station.

4. MEASURE OF DAMAGES—*as against railroads and individuals.* When a corporation inflicts an injury upon a person, they can be required to compensate him for the wrong sustained only to the same extent that would be required of an individual engaged in the same business. The same rules apply to them as to individuals.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action on the case, brought by Amira Nelson against the Illinois Central Railroad Company, to recover for injuries to the plaintiff, caused by the alleged wrongful act of the defendants. A trial by jury resulted in a verdict for the plaintiff for $50, on which judgment was entered. The defendants appealed.

Mr. GEORGE W. WALL, for the appellants.

Messrs. CASEY & DWIGHT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the testimony in this case, that appellee, about the 27th of March, 1870, procured a ticket for a first class passage on appellants' road, from Ashley to Centralia. Appellee went into the passenger coach attached to a freight train on appellants' road. After starting the train, the conductor calling for tickets, found that appellee's was for a regular passenger and not for a freight train, whereupon he stopped the train and required appellee to leave the train.

It appears from the evidence, that appellants had adopted a regulation, that persons could only be carried on their freight trains by procuring tickets for that purpose, and they had so instructed their conductors, and had posted up, at the office where the ticket was obtained, a notice, that persons wishing to travel by freight trains, must procure such tickets. It is first insisted, that while a railroad may make all reasonable rules for the regulation of their business, this requirement

is unreasonable, and that a first class ticket entitled appellee to travel on any train on appellants' road ; while, on the other hand, it is claimed that the rule is reasonable, and the company have the right to insist upon its enforcement.

Railroads are created for the transportation of both persons and property, and from the time when first introduced into use, such bodies have provided different modes of carrying each. They have furnished coaches, constructed exclusively for passengers, and cars for the conveyance of freight. Their construction is entirely different, and there is a great difference in the two kinds of trains, and each is only adapted to the purposes of its construction.

The law has not required such corporations to carry passengers on their freight trains, nor freight in their passenger coaches ; it only requires them to carry both, leaving it to them to regulate the manner in which it shall be done, and custom has sanctioned the mode adopted. It has never, so far as we are aware, been held, that railroads are required to provide the means for carrying passengers on their freight trains ; that is left to their discretion, and it is a matter of choice with them whether or not they shall, for the accommodation of the public, adopt such a mode of transporting passengers ; and being a matter of choice, and not a duty, they may, in adopting such a mode, impose all reasonable rules consistent with the safety of passengers and the management of their business ; and we fail to see, that in permitting persons to travel on their freight trains, it is at all unreasonable to require them to procure tickets which permit them to travel on a train of that character. *Chicago & Alton R. R. Co.* v. *Flagg*, 43 Ill. 364. If the law required them to carry passengers in that mode, then a different rule would apply ; but, it being a matter of choice with them, they may impose reasonable terms, provided the rule is uniform. It may be, that in many cases it is necessary, in conducting their business, that they should have the right to say that none but persons having a particular kind of ticket should be permitted to travel in that

mode, and to prohibit their conductors from receiving fare on freight trains.

It is urged, that the court below erred in giving for appellee these instructions:

"If you believe, from the evidence, that plaintiff procured a first class ticket from Ashley to Centralia, and entered defendants' cars, on which passengers were usually carried by defendants, to be carried from Ashley to Centralia, and was ejected by the conductor at a place other than the usual stopping place for passengers, as defined by these instructions, you will find for plaintiff. The usual stopping place means the platform, or place at the station where passengers get on and off the cars."

"That, although, by the law of this State, if a passenger refuses to pay fare, the conductor may put him off, yet such passenger must be put off at some usual stopping place, and a usual stopping place means the platform, or place at the station where passengers get on and off."

These instructions present the question whether, as a matter of law, the company, when carrying passengers on a freight train, are required to draw it up to the passenger platform to enable them to pass to and from the train. We have seen, that the company are not required, by law, to carry passengers by such trains, and when they do, they may adopt all reasonable rules consistent with the safety of passengers, and with their business; that they may adopt a rule, that all persons desiring to travel in that manner, shall get upon and from the train at its usual place of stopping at the station, we entertain no doubt. It does not follow, that because they carry passengers in that mode, they should be compelled to furnish as fine and commodious coaches as on passenger trains, or that they shall, in other respects, make the same provisions for the accommodation of passengers, that are provided on their passenger trains. The latter are used almost exclusively for passengers, and hence have their regular stopping places for

their accommodation, and are required to stop them at the platform provided for their getting upon, or from such coaches.

Freight trains may not generally stop at the passenger platform, and as their business is the transportation of freight, they may, and no doubt do, usually stop at the freight depot, on another and different track from that upon which the passenger depot is situated. And, unless it appeared from the evidence, that it was the custom of freight trains on the particular road, to receive and discharge passengers at the platform of the passenger depot, it should not be required of them. If such was the usage, then they would be required to conform to it in all cases; otherwise, they have the right to receive and discharge passengers from their freight trains at the usual place adopted for that mode of travel, provided it is at a regular station. It should have been left to the jury to say, whether appellee was discharged at the usual place where passengers on freight trains pass to and from the cars. Not having the required ticket, appellee was not entitled to go as a passenger on the train, and the conductor had the right to require her to leave it, but only at the usual place of getting on and off that character of train, at a station. The court, therefore, erred in giving these instructions, without qualifying them so as to leave it to the jury to say whether the passenger platform was the usual place of getting on and off a freight train.

The case of the *Chicago & Alton R. R.* v. *Flagg, supra,* does not hold, that a freight train carrying passengers, must draw up to the passenger platform, but simply that the passengers must be put off at a station; and it does not, therefore, conflict with the views here expressed.

It is insisted, that appellee's fourth instruction is wrong. It is this:

"That in assessing the damages in this case, if you find defendants guilty, you are not confined to the same amount or

rules you would be if this suit was between individuals, as the public have an interest in such cases, which may be considered and looked to by you in assessing the damages in such a case."

We are aware of no adjudged case, or text writer, that has ever announced such a rule as this instruction contains. On the contrary, it has been repeatedly said, that the same rules must apply to corporations as to individuals. The law must secure them in their rights, precisely as it does individuals. The same, and only the same justice, must be meted to them as is to natural persons. When they owe money, they must be required to pay the amount due ; no more, no less. When they shall inflict an injury upon an individual, they must be required to compensate him for the wrong sustained to the same, and only to the same extent that would be required of an individual engaged in the same business. We can see no difference. The company only represents the stockholders, and all would say, that if they were sued as individuals, such an instruction would be unjust. And where is the difference in principle, whether they are deprived of their money by a judgment against the corporation, or against them as individuals ?

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*